IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RIVERA,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 23-CV-4657 |
| | : | |
| **JAIME LUQUIS,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**MARSTON, J.**                                                                                          October 29, 2024

*Pro se* Plaintiff Michael Rivera, a prisoner currently incarcerated at SCI Mahanoy, sued employees of SCI Phoenix and SCI Greene under 42 U.S.C. § 1983. (Doc. No. 1.) In his complaint, Rivera brings constitutional claims against Defendants Jaime Luquis and David Coulehan, alleging a retaliatory transfer from SCI Phoenix to SCI Greene and a denial of procedural due process. (*Id.*) Defendants now move to partially dismiss Rivera's complaint. (Doc. No. 16.) For the reasons set forth below, the Court will grant Defendants' motion.

### I.    FACTUAL ALLEGATIONS

Rivera sues Jaime Luquis and David Coulehan, both of whom are identified as employees of the Pennsylvania Department of Corrections ("DOC"). (Doc. No. 1 at 2, 13.) Rivera avers that Luquis is the Unit Manager of the Intensive Management Unit ("IMU") at SCI Phoenix and that Coulehan is the Unit Manager of the IMU at SCI Greene.[1] (*Id.*) Defendants are named in their individual and official capacities. (*Id.*)

---

[1] Per the Pennsylvania Department of Corrections, the IMU is "used to house and provide socialization opportunities for individuals confined to a Security Level 5 . . . setting for extended periods." *Mental Health Services in State Prison: Current and Future Directions*, Pennsylvania Department of Corrections, https://www.pccd.pa.gov/training/Pages/2022%20CJAB%20Conference/Presentations/MH%20Services%20_CJAB%20Schneider_Wright%202-17-22.pdf.

1

On December 10, 2021, while at SCI Phoenix, Rivera filed grievance no. 958695, challenging "the arbitrary and capricious assignment to Tier 2 of the IMU" and "lack of any IMU handbook or policy." (*Id.* at 17–18.) A month later, Rivera filed grievance no. 962913, alleging "disparate and discriminatory treatment" compared to other inmates in the IMU at SCI Phoenix. (*Id.* at 19.) On February 3, 2022, Luquis approached Rivera's cell, requesting that Rivera "withdraw" his pending grievances and "stop nitpicking every little detail" of the IMU program. (*Id.* at 18.) Luquis also told Rivera that "all of [his] frivolous grievances are creating unnecessary problems for [him]," and Luquis "threatened" to transfer Rivera to another IMU. (*Id.*) On March 5, 2022, Luquis asked Rivera if he would be willing to withdraw grievance no. 962913, but Rivera refused to do so. (*Id.* at 20.) Luquis then advised Rivera that because he was "not cooperating as a Tier 2 inmate," he would be reassigned to "Phase 3" and transferred to another IMU. (*Id.*)

On March 29, 2022, Rivera was transferred to the IMU at SCI Greene. (*Id.*) One week later, Rivera met with the Program Review Committee ("PRC") at SCI Greene, who "immediately rescinded [his] telephone privileges, e-mail/kiosk privileges, and personal property privileges" without giving him "any legitimate penological justification." (*Id.* at 21.) On April 11, 2022, Coulehan confirmed that the communication privileges Rivera received at SCI Phoenix would not be honored at SCI Greene. (*Id.* at 21–22.) Specifically, Coulehan said, "Mr. Rivera, you know why you're here. Continuing to argue policy with PRC will not improve your situation here. This is SCI-Greene. We will be rescinding your privileges, and that's final." (*Id.* at 22.)

Rivera asserts claims of First Amendment retaliation and violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment based on allegations of a retaliatory

2

transfer from the IMU at SCI Phoenix to the IMU at SCI Greene.  (*Id.* at 20, 24–26.)  Rivera contends that Defendants have "singled [him] out and targeted [him] for discrimination as a 'class of one'" "in retaliation for [his] refusal to withdraw his grievances" that challenged the constitutionality of SCI Phoenix's IMU program.  (*Id.* at 24.)  He further avers that Defendants "failed to adhere to established DOC policy, which led to the violation of [his] First and Fourteenth Amendment rights."  (*Id.* at 25.)  Rivera seeks (1) a declaration that the acts and omissions of Defendants Luquis and Coulehan violated his rights under the Constitution and (2) a permanent injunction ordering each Defendant to cease and desist from "any future retaliatory conduct" and to refrain from "involuntarily re-enrolling [him] in the IMU."  (*Id.* at 27.)  Rivera also seeks monetary damages.  (*Id.*)

After being served with process, Defendants filed a motion to partially dismiss the claims against them.  Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the official-capacity claims against them on immunity grounds and to dismiss Rivera's claims for declaratory and injunctive relief for lack of standing.[2]  (Doc. No. 16.)  Rivera responded to the motion, arguing that his complaint asserts "cognizable claims for prospective injunctive relief" against the Defendants "in their official capacities as Unit Managers of the IMU."  (Doc. No. 21 at 2.)  Rivera contends that Defendants could "re-enroll[ ]" him in the IMU, "where he could be potentially" a target for future retaliation.  (*Id.* at 5.)  The Court will address the parties' arguments below.

---

[2] Defendants do not seek dismissal of any other claims, noting that they "will answer and defend [Rivera's] First and Fourteenth Amendment claims against them in their individual capacities."  (Doc. No. 16 at 3.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack does not dispute the facts alleged in the complaint, *id.*, and therefore, it is essentially assessed under the same standard as a motion under Rule 12(b)(6), *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party."). A court must therefore "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (internal quotations omitted).

"A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). A plaintiff "bears the burden of showing that he has standing for each type of relief sought," including injunctive relief. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)). "When, as in this case, prospective relief is sought, the plaintiff must show that he is 'likely to suffer future injury' from the defendant's conduct." *McNair v. Synapse Grp., Inc.*, 672 F.3d 213, 223 (3d Cir. 2012) (quoting *Lyons*, 461 U.S. at 105).

## III. DISCUSSION

Defendants move to dismiss Rivera's official-capacity claims and his claims for declaratory and injunctive relief. The Court addresses each issue in turn.

4

### A. Official-Capacity Claims for Damages

Rivera seeks monetary damages against Defendants in their official capacities. (Doc. No. 1 at 27.) Defendants move to dismiss these claims as barred by the Eleventh Amendment. (Doc. No. 16 at 5–9.) They also argue that these claims fail because state employees in their official capacities are not "persons" subject to liability under 42 U.S.C. § 1983. (*Id.* at 9–10.)

Official-capacity claims are indistinguishable from claims against the governmental entity that employs the official. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). Thus, Rivera's § 1983 claims against Defendants in their official capacity are really claims against the Commonwealth, which is immune from such claims under the Eleventh Amendment.³ *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 309–10 (3d Cir. 2020) ("Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity."); *Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity"). And, in any event, state "officials acting in their official capacities" are not "persons" subject to liability under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). So, the Court will dismiss with prejudice Rivera's damages claims to the extent they are brought against Defendants in their official capacities.

---

³ While a state may consent to suit in federal court, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–73 (2000), Pennsylvania has not done so for § 1983 claims, 42 Pa. C.S. § 8521(b). Nor has Congress abrogated Pennsylvania's Eleventh Amendment immunity for such claims. *Quern v. Jordan*, 440 U.S. 332, 341–42 (1979).

### B. Claims for Declaratory Relief

Rivera requests a declaration that Defendants' conduct as described in the complaint violated his constitutional rights. (Doc. No. 1 at 27.) Because declaratory relief is unavailable solely to adjudicate past conduct, however, Rivera's request is improper. *See Taggart v. Saltz*, 855 F. App'x 812, 815 (3d Cir. 2021) (*per curiam*) ("Declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."); *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct."). Indeed, without a threat of continuing harm, "Article III standing is lacking" for such declaratory relief. *Taggart*, 855 F. App'x at 815. Thus, the Court will dismiss Rivera's request for declaratory relief.

### C. Claims for Injunctive Relief

Rivera also seeks "a permanent injunction ordering each Defendant to cease and desist any future retaliatory conduct" towards him, "by enjoining each Defendant from involuntarily re-enrolling [him] in the IMU." (Doc. No. 1 at 27.) Defendants move to dismiss Rivera's claims for injunctive relief because he does not raise an ongoing violation of his rights. (Doc. No. 16 at 8.) Defendants argue that because Rivera is no longer incarcerated at SCI Phoenix or SCI Greene—where Luquis and Coulehan respectively are employed—Rivera cannot establish that either Defendant is committing an ongoing violation of federal law.[4] (*Id.*) Rivera contends that Defendants could "potentially re-enroll [him] in the IMU . . . and subject [him] to further retaliation in the future." (Doc. No. 21 at 5.)

---

[4] At the time that Defendants filed their motion, Rivera was incarcerated at SCI Camp Hill. (Doc. No. 16 at 8.) Both this case's docket and a recent search of the Pennsylvania Department of Corrections Inmate/Parolee Locator show that Rivera is now incarcerated at SCI Mahanoy.

The Court agrees that Rivera has not alleged a basis for seeking injunctive relief. None of the allegations in his complaint plausibly suggest that Rivera is currently being subjected to or will likely be subjected to retaliation. So, he lacks standing to seek injunctive relief, especially since he is no longer incarcerated in an institution where either Defendant is employed. *See Lyons*, 461 U.S. at 105 (standing to pursue injunctive relief depends on whether plaintiff is "likely to suffer future injury"); *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) ("Allegations of possible future injury are not sufficient to satisfy Article III." (internal quotations omitted)); *Griffin v. Beard*, 401 F. App'x 715, 716 (3d Cir. 2010) (*per curiam*) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); *Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997) ("To show irreparable harm, the party seeking injunctive relief must at least demonstrate that there exists some cognizable danger of recurrent violation of its legal rights." (internal quotations omitted)). The Court will thus dismiss Rivera's claims for injunctive relief for lack of standing.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to partially dismiss will be granted, and the Court will dismiss with prejudice Rivera's damages claims to the extent they are brought against Defendants Luquis and Coulehan in their official capacities. Rivera's request for declaratory relief will be dismissed due to lack of standing, and his claims for injunctive relief will be dismissed without prejudice for lack of standing. The Court concludes that amendment is futile so leave to amend will not be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows.